# In the United States Court of Federal Claims

No. 14-561 C
Filed: February 25, 2015

******************************************
| | |
|---|---|
| KEVIN CARROLL, | Central Intelligence Agency Act, 50 U.S.C. §§ 3501–23; Debt Collection Act, 5 U.S.C. § 5514; Jurisdiction; Military Leave, 5 U.S.C. § 6323; Motion To Dismiss, RCFC 12(b)(1). |
| Plaintiff, | |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

******************************************

**Kenneth P. Carroll,** New York, New York, Counsel for Plaintiff.

**Jane C. Dempsey,** United States Department of Justice, Civil Division, Washington, D.C., Counsel for Defendant.

**MEMORANDUM OPINION AND ORDER**

**BRADEN**, *Judge*.

I.   **RELEVANT FACTUAL BACKGROUND.**[1]

Kevin Carroll ("Mr. Carroll") was an officer of the Central Intelligence Agency ("CIA") and the United States Army Reserve. Compl. ¶ 1. During his employment with the CIA, Mr. Carroll was ordered to active military duty and served in Iraq and Afghanistan with units of the Special Operations Command. Compl. ¶ 5. On an unspecified date in 2011, Mr. Carroll resigned from the CIA. Compl. ¶ 6.

After resigning, Mr. Carroll received an August 2, 2011 letter from the CIA claiming a discrepancy in seven paychecks that he previously received, resulting in an alleged pre-tax overpayment of $15,574.72. Compl. ¶ 6. The CIA's letter stated that Mr. Carroll was "called to Military duty during the above pay periods and . . . claimed both Military Leave and Military Leave

---

[1] The relevant facts were derived from Plaintiff's June 30, 2014 Complaint ("Compl.") and the Appendix ("Compl. App'x") attached thereto.

Insurrection on [his] Time and Attendance (T&A) records resulting in an overpayment." Compl. ¶ 6.

On an unspecified date, Mr. Carroll filed an administrative petition with the CIA's Office of the Inspector General ("OIG") to contest the CIA's decision. Compl. ¶ 10. On May 15, 2013, the OIG dismissed Mr. Carroll's petition. Compl. ¶ 10. On June 27, 2015, the CIA directed a collection agent to proceed to recoup the overpayment, administrative fees, interest, and penalty charges. Compl. ¶ 10.

On another unspecified date, Mr. Carroll received an April 9, 2014 Notice from the Financial Management Service of the Department of the Treasury, advising Mr. Carroll that the CIA had intercepted a federal income tax refund in the amount of $4,943.27. Compl. ¶ 11. On a another unspecified date, Mr. Carroll's civilian employer received a May 20, 2014 Order, requiring the garnishment of Mr. Carroll's wages in the amount of $14,407.20. Compl. ¶ 12.

## II.   PROCEDURAL HISTORY.

On June 30, 2014, Mr. Carroll ("Plaintiff") filed a Complaint in the United States Court of Federal Claims with four Counts: (1) Count I—wrongful deprivation of property in violation of the Due Process Clause of the Fifth Amendment of the United States Constitution; (2) Count II—wrongful confiscation of property in violation of the Debt Collection Act of 1982, 5 U.S.C. § 5514 ("DCA"); (3) Count III—breach of contract; and (4) Count IV—denial of military leave, without loss of pay under 5 U.S.C. § 6323(b).

On October 14, 2014, the Government filed a Motion To Dismiss Counts I, II, and III, pursuant to RCFC 12(b)(1). On November 17, 2014, Plaintiff filed a Response. On December 23, 2014, the Government filed a Reply.

## III.   DISCUSSION.

### A.   Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate

source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B. Standard of Review Pursuant To RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of jurisdiction over the subject matter[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

### C. Resolution Of The Government's October 14, 2014 Motion To Dismiss.

#### 1. Count I–Due Process Claim.

Count I alleges a violation of the Due Process Clause of the Fifth Amendment. It is well established, however, that this constitutional guarantee is not money-mandating. Compl. ¶ 13. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."); *see also LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the due process claims are not "a sufficient basis for jurisdiction [pursuant to the Tucker Act] because they do not mandate payment of money by the [G]overnment"). Therefore, the United States Court of Federal Claims does not have jurisdiction to adjudicate Count I of the June 30, 2014 Complaint.

#### 2. Count II–Debt Collection Act Claim.

Count II alleges a violation of the DCA's right to inspect and copy provision, set forth in 5 U.S.C. § 5514(a)(2).[2] Compl. ¶ 14. This statutory provision, however, is not money-mandating.

---

[2] Section 5514(a) of the DCA, in relevant part, provides:

**(2)** Except as provided in paragraph (3) of this subsection, prior to initiating any proceedings under paragraph (1) of this subsection to collect any indebtedness of an individual, the head of the agency holding the debt or his designee, shall provide the individual with—

3

*See Wilburn v. United States*, 103 Fed. Cl. 495, 499 (2011) ("The notice provisions of the [DCA] are bereft of any indication that a payee . . . may obtain money damages from the [G]overnment if the notice given the payee is deficient."). Therefore, the United States Court of Federal Claims does not have jurisdiction over Count II of the June 30, 2014 Complaint.

### 3. Count III–Breach Of Contract Claim.

Count III alleges that the CIA violated its employment contract with Plaintiff. Compl. ¶ 15. Plaintiff's employment relationship with the CIA is governed by the Central Intelligence Agency Act of 1949 and CIA regulation AR 20-12. *See* 50 U.S.C. §§ 3501–3523; *see also* Gov't Ex. 1 (AR 20-12). CIA regulation AR 20-12 clearly states that "[c]andidates who are selected for staff employment . . . are *appointed*[.]") (emphasis added); *see also* 50 U.S.C. § 3519a(a)(2) ("[T]he term 'employee' means an employee of the [CIA], serving under *appointment* without time limitation[.]") (emphasis added). Since Plaintiff was employed by appointment, rather than by contract, the court also does not have jurisdiction to adjudicate Count III of the June 30, 2014 Complaint. *See Hamlet v. United States*, 63 F.3d 1097, 1101 (Fed. Cir. 1995) (holding that, because the plaintiff was employed "by appointment and not by contract," the plaintiff's "breach of contract count d[id] not provide for a substantive right to money damages and [could not] provide jurisdiction under the Tucker Act").

## IV. CONCLUSION.

For these reasons, the Government's October 14, 2014 Motion To Dismiss is granted. *See* RCFC 12(b)(1). The Clerk is directed to dismiss Counts I, II, and III of the June 30, 2014 Complaint.

The court will convene a telephone conference with the parties within the next thirty days to ascertain a schedule to resolve Count IV of the June 30, 2014 Complaint.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**

---

. . . .

**(B)** an opportunity to inspect and copy Government records relating to the debt[.]

5 U.S.C. § 5514(a)(2)(B).